# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07cv219

| MICHAEL A. KITCHEN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| Vs. | ) | ORDER |
| FARRELL LOG STRUCTURES LLC, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion for Sanctions for Failure of Plaintiff to Appear for Deposition (#20), which was calendared for hearing on July 27, 2008. Immediately prior to such hearing, the court received notification from Philip J. Roth of the Buncombe County Bar that he would be making a limited appearance for plaintiff, and that a continuance of the hearing was requested. At the hearing, counsel entered his general appearance[1] and after the court heard argument on the Motion to Continue, such motion was allowed in the interests of justice. The hearing was continued to July 23, 2008, at 9:30 a.m.

While the court heard defendants' concerns and shares in their frustration in this matter, the court believes that the overwhelming case law in the Fourth Circuit disfavors a procedural default. Where a defendant seeks dismissal under Rule 41(b),

---

[1] The court notes the professionalism of counsel inasmuch as such limited appearance was based on Rule 11 concerns over the contents of the Complaint, which he had not had time to fully digest. The court noted that since his signature did not appear on the Complaint, Rule 11 issues would not arise simply by him making a general appearance.

Federal Rule of Civil Procedure, for failure to prosecute, the rule provides for involuntarily dismissal of an action "[f]or failure of the plaintiff . . . to comply with rules or any order of court."  The Court of Appeals for the Fourth Circuit has repeatedly noted that such involuntary dismissal with prejudice is a "harsh" result and must be employed with caution.

> We have noted that involuntary dismissal under Rule 41(b) "is such a harsh sanction ... [that] it should be resorted to only in extreme cases." McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir.1976) (quotation marks omitted).... First, the court must consider the "degree of personal responsibility on the part of the plaintiff." Id. Second, it must determine the "amount of prejudice to the defendant." Id. Third, it must look to the record to see if it indicates "a drawn out history of deliberately proceeding in a dilatory fashion." Id. Finally, the court must consider whether "sanctions less drastic than dismissal" will be effective. Id.

Richardson v. Boddie-Noell Enterprises, Inc., 2003 WL 22429534, at 4 (4th Cir. 2003).[2] Further, the appellate court has instructed that the "test for dismissal pursuant to Rule 41(b) is similar to that for Rule 37," and that "before a dismissal a court must give a plaintiff a "clear and explicit" warning of the consequences of failing to satisfy the court's conditions and orders," and that "dismissal as a sanction is an extreme remedy to be used only when a party has displayed callous disregard to its obligations or exhibited very bad faith." Berry v. South Carolina Dept. of Social Services, 1997 WL 499950, at 6 (4th Cir. 1997).

Although this court was prepared to hear the sanctions issue on July 27 and had given plaintiff numerous clear and explicit warnings, the court cannot say at this time

---

[2] Due to the limits of CM/ECF, copies of unpublished opinions are incorporated herein by reference to the Westlaw citation.

whether plaintiff had the capacity to fully understand those warnings, which were given at a time when he was without counsel.

Further, the appearance of counsel for plaintiff has changed the playing field as well as the inquiry. While this court will inquire as to the plaintiff's ability to understand during the depositions, the issue of futility in further proceeding has changed inasmuch as the prospective inquiry is whether plaintiff has the ability to assist his counsel in moving his case forward. A recent Supreme Court decision (in a criminal matter) has given the court an opportunity to reflect upon these very different levels of competency and the sixth amendment. See Indiana v. Edwards, ___ U.S. ___, 2008 WL 2445082 (June 19, 2008)(Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation). The continuance is, therefore, warranted.

There will be no period of dormancy in these proceedings, however. The tasks to be accomplished by respective counsel before the next hearing include the following:

(1) counsel for plaintiff shall gather whatever medical evidence is available to assist the court in determining whether plaintiff possesses the ability to assist counsel or whether a GAL should be appointed. Counsel for plaintiff is encouraged to obtain the opinion of a qualified psychiatrist or psychologist;

(2) assuming that this case will move forward after the sanctions hearing, respective counsel shall in advance of the hearing meet in person and

agree on a proposed schedule of discovery, dispositive motions, and <u>mediation</u>, with a trial date of November 17, 2008. Respective counsel are advised that the district court requires the designation of a mediator within 14 days;

(3) counsel shall also discuss the pending Motion for Sanctions. The court would prefer that the parties resolve this motion themselves, and suggests that a possible resolution would be plaintiff paying defendants for the costs of the last two deposition sessions as well as the fees and costs of bringing the Motion for Sanctions; and

(4) counsel shall also discuss - - if not accomplish - - the task of scheduling plaintiff's deposition after the point at which counsel for plaintiff is satisfied with plaintiff's ability to proceed as well as preparing him for the deposition.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Sanctions for Failure of Plaintiff to Appear for Deposition (#20) is **CONTINUED** and shall be heard on July 23, 2008, at 9:30 a.m. in Courtroom #2 at the United States Courthouse in Asheville, N.C., located at 100 Otis St.

Signed: June 30, 2008

_____
Dennis L. Howell
United States Magistrate Judge